IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLEY GEORGE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-00546-M |
| v. | ) | |
| | ) | |
| BAC HOME LENDING SERVICES, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

**NOTICE OF REMOVAL**

**COMES NOW,** pursuant to 28 U.S.C. § 1331, §1332, §1367, § 1441, and §1446, Defendant BAC Home Lending Services, Inc. ("BAC"), by and through the undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action to the United States District Court for the Southern District of Alabama, Southern Division.  As grounds for this removal, Defendant states as follows:

    1.    On or about September 1, 2010, Plaintiff Kimberley George commenced a civil action against BAC in the Circuit Court of Mobile County, Alabama.  The Circuit Court of Mobile County, Alabama is a state court within this judicial district and division.

    2.    A true and correct copy of "all process, pleadings, and other orders served upon . . . defendant" are attached hereto as composite Exhibit "A".  28 U.S.C. § 1446(a).  To date, no other process, pleadings or orders have been served on Defendant other than those contained in Exhibit A.

1

3. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), which provides in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4. Defendant received notice of this lawsuit on September 7, 2010. Thus, this notice of removal is timely because Defendant has filed it within thirty (30) days of Defendant's receiving notice of the lawsuit.

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## I.     FEDERAL QUESTION JURISDICTION

6. As shown herein, this case is properly removable based on the federal Emergency Economic Stabilization Act of 2008, 12 U.S.C. § 1502 et seq. ("EESA") and the Homeowner Affordability and Modification Program ("HAMP") promulgated thereunder because the United

States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, as amended, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.   A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (*quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir.), *cert. denied*, 498 US. 982 (1990); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir.), *cert. denied*, 484 U.S. 850 (1987); *White v. Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976).  Stated otherwise, a plaintiff's claim gives rise to federal jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.*, 507 F.2d 245, 249 (5th Cir. 1975).

8.   It is clear from the face of Plaintiff's Complaint that her claims are founded on federal law.  In short, the factual allegations of Plaintiff's Complaint are that after defaulting on her mortgage loan with BAC, and in order to avoid foreclosure proceedings that had been instituted against her, Plaintiff attempted to obtain a loan modification from BAC.  Even though Plaintiff alleges that she successfully completed a trial loan modification agreement, BAC denied her request for a permanent modification. (Complaint, ¶¶ 10-22).  Plaintiff alleges that BAC had a duty to offer her a permanent modification pursuant to guidelines established under federal statutes.

9.   In her Complaint, Plaintiff discusses in detail the passage of the Emergency Economic Stabilization Act of 2008, 12 U.S.C. § 1502 *et seq.*, pursuant to which the Homeowner Affordability and Modification Program ("HAMP") was created.  (Complaint, ¶ 4).  According

to Plaintiff, "[u]nder HAMP, modification eligibility requirements and guidelines have been issued which must be followed by mortgage servicing companies who participate in HAMP." (*Id.*). Plaintiff alleges that as a participant in the HAMP program, BAC "is required to perform loan modifications for eligible borrowers and is required to follow the HAMP guidelines and procedures published by the Treasury." (*Id.* at ¶ 6).

10. Specifically, Plaintiff has asserted the following claims: breach of mortgage agreement; breach of trial period plan agreement; breach of fiduciary duty; negligence; wantonness; wrongful foreclosure; slander/defamation; and fraud. The parties' rights and duties under the EESA and the HAMP are necessary elements of Plaintiff's claims. For example, regarding her claims for breach of fiduciary duty, negligence and wantonness, Plaintiff specifically alleges that Defendant breached its legal duties to her by "fail[ing] to comply with…HAMP guidelines." (Complaint, ¶¶ 32, 34, 38).

11. Accordingly, there is no dispute that federal law created the rights and duties that gave rise to Plaintiff's causes of action and, therefore, Plaintiff's claims are founded directly upon federal law.

12. To the extent that any of Plaintiff's claims do not directly implicate BAC's alleged duties under the EESA and the HAMP, Defendant requests that the Court also take supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

## II.   DIVERSITY OF CITIZENSHIP JURISDICTION

13. In the alternative, this action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

        value of $75,000, exclusive of interest and costs, and is between—

    (1)    citizens of different States . . . .

### A. Diversity of Citizenship

14. This action is brought by one (1) named Plaintiff. Upon information and belief, Plaintiff Kimberley George is a resident citizen of the State of Alabama. (Complaint, ¶ 1).

15. BAC is the sole defendant in this action. Defendant BAC is now, and was at the time of the commencement of this action, a company involved in the mortgage lending industry and organized and existing under the laws of the State of Delaware with its principal place of business in the State of North Carolina.

16. Consequently, complete diversity of citizenship exists between the Plaintiff and Defendant.

### B. Amount in Controversy

17. The amount in controversy in this action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiff's failure to specify damages in her Complaint. In the Eleventh Circuit, where the plaintiff makes an unspecified demand for damages in state court, a removing defendant need only show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

18. Here, a close analysis of Plaintiff's Complaint and cases involving similar allegations make clear that over $75,000 is in controversy.

19. In the opening paragraph of her complaint, Plaintiff seeks relief in the form of an injunction to stop foreclosure proceedings on the property at issue. (Complaint, Summary of Claims). "In actions seeking declaratory or injunctive relief, it is well established that the

amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Here, the "object of the litigation" is the unpaid principal balance of the loan which is $94,070.07. Therefore, diversity jurisdiction's amount in controversy requirement has been met *on this ground alone.*

20. In addition, Plaintiff's Complaint seeks to recover numerous forms of damages. In particular, Plaintiff seeks compensatory damages, including damages for mental anguish and emotional distress, punitive damages, interest and costs, and such other relief as the Court deems just and proper. (Complaint, ad damnum clauses). All of these damages must be included in any calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1948). Therefore, when all of Plaintiff's requests for injunctive and legal relief are taken into consideration, she is clearly seeking an amount well in excess of $75,000.

21. Accordingly, because Plaintiff seeks injunctive relief valued at approximately $108,790.43 in addition to multiple types of damages, including compensatory, punitive, and interest and costs, the amount in controversy meets the $75,000 jurisdictional requirement.

### III. OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

22. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

23. The Defendant has heretofore sought no similar relief.

24. A copy of this notice is being filed with the Clerk of the Circuit Court of Mobile County, Alabama, as provided under 28 U.S.C. § 1446. Defendant is also giving prompt written notice to the Plaintiff of the filing of this Notice of Removal.

**WHEREFORE**, Defendant BAC requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Mobile

County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted this 7th day of October, 2010.

/s/ D. Brian O'Dell
D. Brian O'Dell (ODELB2628)
Ann T. Taylor (TAYLA6870)
Summer Davis (DAVIS9451)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorney for BAC Home Lending Services, Inc.

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 7, 2010, I filed the foregoing document with the Clerk of the Court via the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via United States Mail, postage prepaid:

  James D. Patterson, Esq.
  Kenneth J. Riemer, Esq.
  Underwood & Riemer, P.C.
  166 Government Street, Ste. 100
  Mobile, AL 36602
  jpatterson@alalaw.com

            /s/ D. Brian O'Dell
              Of Counsel