## ALABAMA SJIS CASE DETAIL

**CUMMINGS LLP**                                    **PREPARED FOR:** Vivian K. Lemaster

County: **02**   Case Number: **CV-2010-901994.00**   Court Action:
Style: **KIMBERLEY GEORGE V. BAC HOME SERVICING**

REAL TIME

### Case

#### Case Information

| | |
|---|---|
| County: | MOBILE |
| Case Number: | CV-2010-901994.00 |
| Judge ID: | MAY:MICHAEL A YOUNGPETER |
| Trial: | Jury |
| Style: | KIMBERLEY GEORGE V. BAC HOME SERVICING |
| Filed: | 09/01/2010 |

#### Case Type

| | |
|---|---|
| Code: | TBFM |
| Type: | BAD FAITH/FRAUD/MISR |
| Track | F:Fast |
| Status: | A:ACTIVE |
| No of Plaintiffs: | 001 |
| No of Defendants: | 001 |

#### Court Action

| | |
|---|---|
| Dispositon JudgeID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | 0 |

#### Damages

| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | $0.00 |

#### Other Actions

| | | | |
|---|---|---|---|
| Continuance Date: | # of Previous Continuances: | 0000 | Why: |
| Revised Judgment Date: | Admin Date: | 0000 | Why: |
| Appeal Date: | Court: | | Case: |
| Date Trial Began but No Verdict (TBNV1): | 00000000 | Date Trial Began but No Verdict (TBNV2): | |
| Disposition Date: | | Disposition Type: | |

#### Comments

Comment 1:   ORDER OF RECUSAL SENT TO JUDGE GRADDICK
Comment 2:

### Settings

#### Court Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | 000 | 00:00 | . |
| 2: | | 000 | 00:00 | . |
| 3: | | 000 | 00:00 | . |
| 4: | 06/03/2011 | 001 | 09:00 AM | READ - CERT TO BE FILED |

### Party 1 - C 001 - GEORGE KIMBERLEY

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | C 001 | Name: | GEORGE KIMBERLEY | | | Type: | I:Individual |
| Index: | Y | Alt Name: | | | | Judge ID: | MAY |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |
| Address 1: | 7 WESTWOOD STREET | | | Address 2: | | | |
| Phone: | (205) 000-0000 | City: | MOBILE | State: | AL | Zip: | 36606-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | | |

#### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | | Type: | Relssue: | | Type: |
| Return: | | Type: | Return: | | Type: |
| Service: | | Type: | Service On: | | By: |



EXHIBIT
A

| Answer: | Type: | NS Not: | NA Not: |
|---|---|---|---|
| Warrant | Type: | Arrest: | |

### Court Action

| Court action: | Date: | For | Exempt: |
|---|---|---|---|
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

### Attorneys

| | | | | | |
|---|---|---|---|---|---|
| Attorney 1: RIE003 | Name: RIEMER KENNETH J | | City: MOBILE | State: AL |
| Attorney 2: | Name: | | City: | State: |
| Attorney 3: | Name: | | City: | State: |
| Attorney 4: | Name: | | City: | State: |
| Attorney 5: | Name: | | City: | State: |
| Attorney 6: | Name: | | City: | State: |

## Party 2 - D 001 - BAC HOME SERVICING

### Party Information

| Party: D 001 | Name: BAC HOME SERVICING | | Type: B:Business |
|---|---|---|---|
| Index: Y | Alt Name: | | Judge ID: MAY |
| SSN: XXX-XX-X999 | DOB: | Sex: | Race: |
| Address 1: 7105 CORPORATE DRIVE | | Address 2: PTX 209 | |
| Phone: (205) 000-0000 | City: PLANO | State: TX    Zip: 75024-0000 | Country: US |
| Dock: | Notice: | Entered: | |

### Service Information

| Issued: 09/02/2010 | Type: C:Certified mail | Reissue: 09/21/2010 | Type: C:Certified mail |
|---|---|---|---|
| Return: | Type: | Return: | Type: |
| Service: 10/01/2010 | Type: C:Certified Mail | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

### Court Action

| Court action: | Date: | For | Exempt: |
|---|---|---|---|
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

### Attorneys

| | | | | |
|---|---|---|---|---|
| Attorney 1: | Name: | City: | State: |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

## Financial

### Fee Sheet

| PR: | NO | Acct | Status | Checks | AdminFe | From | For | To | Total Due | Amt Paid | Balance | Hold Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | AOCC | A | A | N | C001 | 000 | 000 | $12.98 | $12.98 | $0.00 | 0 |
| | | CV05 | A | A | N | C001 | 000 | 000 | $315.00 | $315.00 | $0.00 | 0 |
| | | JDMD | A | A | N | C001 | 000 | 000 | $100.00 | $100.00 | $0.00 | 0 |
| | | | | | | | | TOTAL: | $427.98 | $427.98 | $0.00 | $0.00 |

## Financial History

| Transaction Date | Transaction Type | Disb Acct | Payment From/To | Batch | Check or Receipt # | Amount | Fee | Money Type | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/08/2010 | R:RECEIPT | | CV05 | 2010356 | 23341000 | $315.00 | N | K | | COR |
| 09/08/2010 | R:RECEIPT | | JDMD | 2010356 | 23342000 | $100.00 | N | K | | COR |
| 09/08/2010 | R:RECEIPT | | AOCC | 2010356 | 23342100 | $6.49 | N | K | | COR |
| 09/08/2010 | Z:FEE ADDED | | CV05 | | 00000000 | $315.00 | N | O | | COR |
| 09/08/2010 | Z:FEE ADDED | | JDMD | | 00000000 | $100.00 | N | O | | COR |
| 09/08/2010 | Z:FEE ADDED | | AOCC | | 00000000 | $10.00 | N | O | | COR |
| 09/21/2010 | R:RECEIPT | | AOCC | 2010369 | 23413500 | $6.49 | N | K | | CHC |

## SJIS Witness List

| Served | Ser. Type Prt | Name | Dec | Party | Issued | Iss. Type | Req |
|---|---|---|---|---|---|---|---|

## Case Action Summary - 02CV201090199400

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 09/01/2010 | 12:00:00 | ---- | SCANNED - PRE TRIAL ORDER - FAST TRACK | |
| 09/01/2010 | 11:34:27 | EFILE | COMPLAINT E-FILED. | RIE003 |
| 09/01/2010 | 11:37:31 | FILE | FILED THIS DATE: 09/01/2010       (AV01) | AJA |
| 09/01/2010 | 11:37:32 | ASSJ | ASSIGNED TO JUDGE: MICHAEL A YOUNGPETER    (AV01) | AJA |
| 09/01/2010 | 11:37:33 | EORD | E-ORDER FLAG SET TO "N"       (AV01) | AJA |
| 09/01/2010 | 11:37:34 | SCAN | CASE SCANNED STATUS SET TO: N       (AV01) | AJA |
| 09/01/2010 | 11:37:35 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 09/01/2010 | 11:37:36 | STAT | CASE ASSIGNED STATUS OF: ACTIVE       (AV01) | AJA |
| 09/01/2010 | 11:37:37 | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 09/01/2010 | 11:37:38 | C001 | C001 PARTY ADDED: GEORGE KIMBERLEY       (AV02) | AJA |
| 09/01/2010 | 11:37:39 | ATTY | LISTED AS ATTORNEY FOR C001: RIEMER KENNETH JOSEP | AJA |
| 09/01/2010 | 11:37:40 | EORD | C001 E-ORDER FLAG SET TO "N"      (AV02) | AJA |
| 09/01/2010 | 11:37:43 | D001 | D001 PARTY ADDED: BAC HOME SERVICING     (AV02) | AJA |
| 09/01/2010 | 11:37:44 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE      (AV02) | AJA |
| 09/01/2010 | 11:37:45 | SUMM | CERTIFIED MAI ISSUED: 09/01/2010 TO D001    (AV02) | AJA |
| 09/01/2010 | 11:37:46 | EORD | D001 E-ORDER FLAG SET TO "N"      (AV02) | AJA |
| 09/01/2010 | 11:41:32 | EFILE | COMPLAINT - SUMMONS | |
| 09/02/2010 | 9:12:42 | TRAC | CASE ASSIGNED TO: FAST     TRACK     (AV01) | LEG |
| 09/02/2010 | 9:12:43 | DAT4 | SET FOR: CERT TO BE FILED ON 06/03/2011 AT 0900A | LEG |
| 09/02/2010 | 9:12:56 | SUMM | CERTIFIED MAI ISSUED: 09/02/2010 TO D001   (AV02) | LEG |
| 09/02/2010 | 2:33:43 | ---- | SCANNED - MISC - CERTIFIED MAIL RECEIPT | |
| 09/03/2010 | 9:58:19 | JEORDE | ORDER E-FILED - ORDER OF RECUSAL - ORDER OF RECUSAL - RENDERED & ENTERED: 9/3/2010 9:58:19 AM | J |
| 09/03/2010 | 9:58:57 | JEORDE | ORDER - TRANSMITTAL | MAY |
| 09/03/2010 | 11:08:59 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 9/3/2010 11:08:59 AM | JA |
| 09/03/2010 | 11:14:03 | JEORDE | ORDER - TRANSMITTAL | CAG |
| 09/07/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - D001 BAC HOME SERVICING SERVED BY CERT MAIL. | |
| 09/15/2010 | 12:49:26 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 09/15/2010 | 12:49:55 | SERC | SERVICE OF CERTIFIED MAI ON 09/07/2010 FOR D001 | AJA |
| 09/16/2010 | 12:00:00 | ---- | SCANNED - ALIAS SUMMONS - ALIAS C&S ISS'D TO D001 | |
| 09/16/2010 | 5:13:49 | EALIA | ALIAS SUMMONS E-FILED | RIE003 |
| 09/16/2010 | 5:13:56 | EALIA | ALIAS SUMMONS - SUMMONS | |
| 09/16/2010 | 5:14:58 | D001 | D001 ADDR CITY CHANGED FROM: MONTGOMERY    (AV02) | AJA |
| 09/16/2010 | 5:14:59 | D001 | D001 ADDR1 CHANGED FROM: C/O CT CORPORATION SYSTEM | AJA |
| 09/16/2010 | 5:15:00 | D001 | D001 ADDR2 CHANGED FROM: 2 N JACKSON ST  STE 605 | AJA |

| 09/16/2010 | 5:15:01 | D001 | D001 ADDR STATE CHANGED FROM: AL          (AV02) | AJA |
| 09/16/2010 | 5:15:02 | REIS | REISSUE OF CERTIFIED MA ON 09/16/2010 FOR D001 | AJA |
| 09/21/2010 | 8:59:00 | REIS | REISSUE OF CERTIFIED MA ON 09/21/2010 FOR D001 | RUP |
| 10/05/2010 | 12:11:30 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 10/05/2010 | 12:14:40 | SERC | SERVICE OF CERTIFIED MAI ON 10/01/2010 FOR D001 | AJA |

 **END OF THE REPORT**



Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KIMBERLEY GEORGE &ast;

&ast;

&ast;

Plaintiff(s) &ast;

vs. &ast;  CIVIL ACTION NO. 2010 - 901994

BAC HOME SERVICING &ast;  DATE COMPLAINT FILED SEP 0 1 2010

&ast;

Defendant(s) &ast;

### ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems <u>and</u> will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. <u>If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.</u>

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2)     That the issues in the case have been defined and joined;

(3)     That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)     That a jury trial has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.      Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.      Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.      Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   DAMAGES

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   AGENCY-TIME AND PLACE-DUTY

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.     EXPERTS

a.     Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.     Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.     Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.     Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.     JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.     JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.     DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.     MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.     CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party. **SEP 0 1 2010**

Done this the _____ day of _____

Charles A. Graddick, Presiding Circuit Judge

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02-CV-201<br>Date of Filing:<br>09/01/2010 | ELECTRONICALLY FILED<br>9/1/2010 11:34 AM<br>CV-2010-901994.00<br>CIRCUIT COURT OF<br>MOBILE COUNTY, ALABAMA<br>JOJO SCHWARZAUER, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF MOBILE COUNTY, ALABAMA
### KIMBERLEY GEORGE v. BAC HOME SERVICING

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT   _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED   ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   RIE003   9/1/2010 11:30:30 AM   /s KENNETH J RIEMER

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
9/1/2010 11:34 AM
CV-2010-901994.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| KIMBERLEY GEORGE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No. 10- |
| | * | |
| BAC HOME LENDING SERVICES, INC. | * | JURY TRIAL DEMANDED |
| | * | |
| Defendant. | * | |

## VERIFIED COMPLAINT AND
## PETITION FOR INJUNCTIVE RELIEF

COMES NOW Kimberley George, by and through her undersigned attorneys, and as her complaint against the above-named Defendant states as follows:

### SUMMARY OF CLAIMS

These claims arise from the servicing of a real estate mortgage loan secured by the Plaintiff's property located in Mobile County. Defendant BAC Home Lending Services, Inc., has repeatedly attempted to collect sums under the mortgage which are not due and has repeatedly held Plaintiff in default when, in truth, Plaintiff has at all times complied fully with the terms of her mortgage. Defendant has initiated non-judicial foreclosure proceedings and has scheduled a foreclosure sale for September 3, 2010. There has been no default by Plaintiff and Defendant is without any legal right to conduct a foreclosure sale. This action is brought to seek injunctive relief to stop the foreclosure and to seek damages for Defendant's breach of the mortgage, wrongful foreclosure, negligence, wantonness and other unlawful acts.

### PARTIES

1.     Plaintiff is an adult resident of Mobile County and the owner of real property located at 7 Westwood Street, Mobile, AL (hereinafter "Property"). This is her homeplace.

2.     BAC Home Lending Services, Inc. ("BAC") is a New York corporation with its principal place of business in California which, at all times relevant hereto, did business in Mobile County, Alabama.

## FACTS

3.     On April 29, 2004, Plaintiff executed a real estate mortgage with America's Wholesale Lender in the amount of $108,790.43. This loan is subject to an initial 5.5% interest rate. The regular monthly payment was $754.60. At some point after the closing, the servicing of this mortgage was transferred to BAC Home Lending Services, Inc.

4.     On October 3, 2008, Congress passed the Emergency Economic Stabilization Act of 2008, 12 U.S.C. Section 1502 et seq. ("EESA"). The Act allocated $700 billion to the Treasury Department for the purpose of restoring liquidity and stability to the financial system. One of the Act's stated goals was "to preserve home ownership." 12 U.S.C. § 5201(2)(B). The Act also established the "Troubled Asset Relief Program," one of the purposes of which was to reduce foreclosures. Pursuant to the EESA, President Obama, on February 18, 2009, announced the creation of the "Homeowner Affordability and Modification Program" ("HAMP") aimed at requiring and facilitating modifications of at-risk mortgages. Under HAMP, modification eligibility requirements and guidelines have been issued which must be followed by mortgage servicing companies who participate in HAMP. Although participation by mortgage servicers in the HAMP program is voluntary, the participants are required to follow the guidelines and requirements issued under HAMP. BAC is a participant of the HAMP program.

5.     On or about April 17, 2009, BAC signed a "Servicer Participation Agreement" with Fannie Mae, as the financial agent of the United States, establishing its participation in the

HAMP program.  In exchange for BAC's participation in the HAMP program, BAC received payment by the Treasury in the amount of $798,900,000.00.

6.      Under the Servicer Participation Agreement, BAC is required to perform loan modifications for eligible borrowers and is required to follow the HAMP guidelines and procedures published by the Treasury.

7.      The Treasury has published directives which establish the HAMP guidelines and procedures which participating servicers, including BAC, must follow.  Under these guidelines, BAC is required to extend modifications to all qualifying borrowers.  The modification process required under HAMP involves two steps.  First, once the servicer determines that a borrower meets the HAMP qualifications, the servicer must extend a Trial Period Plan.  Under the Trial Period Plan, the borrower is required to make at least three consecutive payments in an amount determined by the servicer.   The payment amount is calculated pursuant to the HAMP guidelines.  If the borrower meets the requirements of the Trial Period Plan, the servicer must provide a permanent modification, which is the second step of the modification process.

8.      Under the HAMP guidelines, once the servicer determines that a borrower meets the HAMP requirements and is eligible for a Trial Period Plan, it must issue a Trial Period Plan Notice ("TPP Notice").  That notice includes a written commitment by the servicer to extend a permanent modification upon successful completion of the Trial Period Plan.

9.      In addition to signing the Servicer Participation Agreement, in which BAC agreed to follow the HAMP guidelines, BAC has also incorporated the HAMP guidelines and procedures as their own procedures which must be followed when processing modification applications.

10.     Beginning in January 2009, Ms. George began discussions with BAC regarding a

possible agreement to modify the terms of the loan.

11.    Plaintiff timely sent all of the financial information and other documentation requested by BAC in order to process this request for a loan modification.

12.    During her discussions with the BAC representatives, Ms. George was told she was approved for a Trial Period Plan during which she would be required to timely make three monthly payments of $648.52. It was explained that if Plaintiff successfully finished the trial plan, she would be given a permanent loan modification. She was told that these payments would be due beginning September 1, 2009. Plaintiff on or about August 20th, 2009, BAC mailed Plaintiff a package of documents relating to a HAMP modification. Included in the package was a TPP Notice which extended to the Plaintiff's a Trial Period Plan. The Plan required payments in the same amount of $648.52 which the BAC representatives had discussed with Ms. George over the phone. Under this written Plan, payments were to start September 1, 2009.

13.    In the TPP Notice sent to the Plaintiff, BAC agreed that if the Plaintiff timely made each of her trial period payments, then it "will provide me [Plaintiff] with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage." In reliance on those representations, Plaintiff began making the trial payments as required under the plan.

14.    Plaintiff signed and returned the modification documents on or about August 23, 2009. This was prior to the required return date. Plaintiff timely submitted all the required information and otherwise fully complied with the Trial Period Plan.

15.    Plaintiff complied in every way with the Trial Period Plan modification extended

by by BAC.  Timely payments of the agreed upon $648.52 were made for the months of September, October and November as required under the trial plan.  Furthermore, an additional payment in that amount was made and accepted by BAC for the month of December 2009. Plaintiff was instructed by a BAC representative after the December payment to cease making payments on the loan modification. Plaintiff was told that this was necessary for BAC to process the permanent modification and to calculate a new mortgage payment based on current balance.

16.     At no point has BAC provided a written permanent mortgage modification agreement as it is required to do under the Trial Period Plan agreement and the HAMP guidelines.  On the other hand, BAC has continued to receive compensation and other benefits under its $798,900,000.00 Servicer Participation Agreement.

17.     In addition to the Trial Period Plan agreement, BAC also extended a written "Interim Forbearance Agreement" in which it agreed to suspend all collection activity, including any foreclosure sale of the property as long as the Plaintiff complied with the requirements of the trial plan.

18.     Although Plaintiff fully complied with the Trial Period Plan, BAC has continued to consider Plaintiff in default of her mortgage.  BAC has made numerous collection calls and sent several collection letters claiming, falsely, that Plaintiff was delinquent on her mortgage. Plaintiff has repeatedly supplied BAC with payment records confirming that the required payments had been timely made.  Moreover, BAC knows from its own documents that a Trial Period Plan was in place with which the Plaintiff has fully complied.

19.     By letter dated June 6, 2010, BAC again falsely notified Plaintiff she was in default of her mortgage.  The letter required a payment of $16,065.80 to bring the loan current. Plaintiff was not in default of her mortgage because she had complied in every way with all of

the conditions for the trial plan modification.

20.     By letter dated June 28, 2010, BAC informed Plaintiff that it was unable to approve a HAMP modification for her mortgage. This notice was completely false because, in fact, BAC had already approved the Trial Period Plan and was obligated by the terms of its own agreement, as well as the HAMP guidelines, to extend a permanent modification.

21.     Despite having bound itself to a Trial Period Plan, with which Plaintiff has fully complied, BAC initiated foreclosure proceedings against Plaintiff's home on August 2, 2010. These proceedings were initiated by publication in the Mobile Press Register of notice of a foreclosure sale scheduled for September 3, 2010.   The notice was published for three consecutive weeks in the Mobile Press Register.   The notice contained false, derogatory and defamatory information regarding the Plaintiff, including the false statement that she is in default of the terms of her mortgage.

22.     Foreclosure has been instituted by BAC in the absence of any default by Plaintiff and in the absence of any legal basis for conducting a foreclosure.

## COUNT I
## (BREACH OF MORTGAGE AGREEMENT)

23.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

24.     The acts and omissions made by Defendant in connection with management of the Plaintiff's mortgage constitutes a breach of the mortgage and note.

25.     Plaintiff has suffered damage as a proximate result of the Defendant's breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for breach of the mortgage and award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further request such other relief

as the Court deems just and proper, the premises considered.

## COUNT II
## (BREACH OF TRIAL PERIOD PLAN AGREEMENT)

26.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

27.    The Trial Period Plan modification documents provided by BAC and signed by Plaintiff constitute a written enforceable agreement, binding on both parties.

28.    The Plaintiff has complied with the terms of the Trial Period Plan agreement.

29.    Defendant is in breach of the Trial Period Plan agreement and Plaintiff has suffered damage as a proximate result of Defendant's breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for breach of the Trial Period Plan agreement and award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III
## (BREACH OF FIDUCIARY DUTY)

30.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

31.    Defendant at all relevant times owed Plaintiff an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the management of their payments and the exercise of any power of sale clause contained in the mortgage.

32.    The acts and omissions made by Defendant in connection with management of the Plaintiff's mortgage constitute a breach of the duty owed by Defendant. Those acts and omissions include, but are not limited to, the following: the failure to comply with its own

procedures and the HAMP guidelines which inure to the Plaintiff's benefit; the failure to comply with its own written agreements and statements provided to Plaintiff; the continued treatment of Plaintiff as if they have defaulted on their mortgage when in fact they have not; and the institution of the foreclosure proceedings, publication of foreclosure notice and attempted foreclosure sale in the absence of any default. The trust imposed upon Defendant by Plaintiff and by operation of law and equity has been breached by the said acts and omissions of Defendant as alleged herein, and Plaintiff has been damaged as a result of said breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against the Defendant for breach of the duties owed to Plaintiff. Plaintiff also requests that this Court award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
## (NEGLIGENCE)

33.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

34.     The acts and omissions made by Defendant in connection with their management of the Plaintiff's account constitute negligence. Those acts and omissions include, but are not limited to, the following: the failure to comply with its own procedures and the HAMP guidelines which inure to the Plaintiff's benefit; the failure to comply with its own written agreements and statements provided to Plaintiff; the continued treatment of Plaintiff as if they have defaulted on their mortgage when in fact they have not; and the institution of the foreclosure proceedings, publication of foreclosure notice and attempted foreclosure sale in the absence of any default.

35.   Plaintiff has suffered damage as a proximate result of the Defendant's negligence.

36.   Defendant has negligently hired, trained and/or supervised its employees.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT V
### (WANTONNESS)

37.   The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

38.   The acts and omissions made by Defendant in connection with their management of the Plaintiff's account constitute wantonness.   Those acts and omissions include, but are not limited to, the following: the failure to comply with its own procedures and the HAMP guidelines which inure to the Plaintiff's benefit; the failure to comply with its own written agreements and statements provided to Plaintiff; the continued treatment of Plaintiff as if they have defaulted on their mortgage when in fact they have not; and the institution of the foreclosure proceedings, publication of foreclosure notice and attempted foreclosure sale in the absence of any default.

39.   Plaintiff has suffered damage as a proximate result of the Defendant's wantonness.

40.   Defendant has wantonly hired, trained and/or supervised its employees.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such

other relief as the Court deems just and proper, the premises considered.

## COUNT VI
### (WRONGFUL FORECLOSURE)

41.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

42.     The institution of foreclosure proceedings by Defendant is wrongful.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant for wrongful foreclosure and award compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VII
### (SLANDER/DEFAMATION)

43.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

44.     In publishing the above-described foreclosure notice, Defendant published false and defamatory information concerning Plaintiff. Specifically, Defendant published statements indicating that Plaintiff was in default of their mortgage and that Defendant was rightfully entitled to foreclose. Those statements were made with the knowledge that they were false or with reckless disregard of whether they were false.

45.     Plaintiff has suffered damage as a result of Defendant's defamatory statements.

46.     The acts and omissions which form the basis of this claim do not include any reporting of information to any consumer reporting agency.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for defamation and award compensatory damages, including damages for mental anguish and

emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VIII
### (FRAUD)

47.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

48.     Defendant made several misrepresentations of material fact to Plaintiff. These statements include, but are not limited to, the statement that Plaintiff was approved for a Trial Period Plan and that, upon the Plaintiff satisfactory completion of that plan, a permanent modification would be extended. These statements were made verbally to Mrs. George and also made in writing. Defendant's misrepresentations also include statements made over the phone to Mrs. George that the modification plan was in effect, that BAC did not consider her to be in default and that there would be no adverse actions taken against her.

49.     The above misrepresentations were false when made and BAC knew them to be false. The misrepresentations were made willfully to deceive, or recklessly without knowledge or were made innocently by mistake. To the extent the misrepresentations concern action to be taken in the future, the statements were made without any present intent to take actions consistent with those statements.

50.     The misrepresentations were relied upon by the Plaintiff to her detriment.

51.     These misrepresentations were part of a pattern and practice of deception and misinformation directed to borrowers whom BAC considers in default. These misrepresentations lull borrowers into a false belief that the foreclosure will be avoided through modification when in fact BAC will proceed to foreclosure regardless of the borrower's compliance with the modification-related terms. This pattern of deception results, either intentionally or not, in the

borrower's belief that foreclosure proceedings will not begin or, if they have already begun, that BAC has no intention of following through with a sale. As a consequence, borrowers falsely conclude that no other action is necessary to avoid a foreclosure such as reinstatement or exercise of other rights available under law. By the time borrowers realize BAC's true intent regarding the foreclosure; it is too late to pursue reinstatement or other legal alternatives to the foreclosure.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BAC for fraud and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**PLAINTIFF DEMAND TRIAL BY JURY ON EACH AND EVERY CLAIM ASSERTED HEREIN**

JAMES D. PATTERSON      (PAT068)
KENNETH J. RIEMER       (RIE003)
**Attorneys for Plaintiff**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**166 Government Street, Suite 100**
**Mobile AL 36602**
**Phone:   251.432.9212**
**Fax:      251.433.7172**
jpatterson@alalaw.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

BAC Home Servicing
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

## VERIFICATION OF FACTS STATED IN COMPLAINT

STATE OF ALABAMA

COUNTY OF MOBILE

Before me, the undersigned authority, personally appeared Kimberley George, who, after being by me first duly and legally sworn, did depose and say under oath as follows:

That she signed the foregoing and the facts alleged therein are true and correct.

_Kimberley George_
Kimberley George

Sworn to and subscribed before me

this 1st day of _____, 2010.

_____
Notary Public, State of Alabama at Large
My Commission Expires: _12/15/2013_

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>02-CV-2010-901994.00 |
|---|---|---|

## IN THE CIVIL COURT OF MOBILE, ALABAMA
## KIMBERLEY GEORGE v. BAC HOME SERVICING

**NOTICE TO**  BAC HOME SERVICING, C/O CT CORPORATION SYSTEM 2 N JACKSON ST  STE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY KENNETH J RIEMER

WHOSE ADDRESS IS  P O BOX 1206, MOBILE, AL 36633

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KIMBERLEY GEORGE
   pursuant to the Alabama Rules of the Civil Procedure

| 9/1/2010 11:34:27 AM | /s JOJO SCHWARZAUER | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s KENNETH J RIEMER |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                     _____
Date                                          Server's Signature

ELECTRONICALLY FILED
9/3/2010 9:58 AM
CV-2010-901994.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

GEORGE KIMBERLEY,          )
Plaintiffs,                )
                           )
V.                         )   Case No.: CV-2010-901994.00
                           )
BAC HOME SERVICING,        )
Defendants.                )

### ORDER OF RECUSAL

The following order of recusal is hereby entered:

It is the undersigned Judge's position that although he believes he could hear and preside over this matter fairly, he further believes it is his duty to respect and comply with Canon 2, Canons of Judicial Ethics and (c)(1)(d). A Judge should at all times avoid all appearance of impropriety. The undersigned Judge has a current business relationship with one of the attorneys representing one of the Parties. The undersigned Judge wishes to conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. The undersigned Judge pursuant to Canon 2, Canons of Judicial Ethics, hereby recuses himself.

WHEREFORE, the undersigned Judge does now recuse himself from this case for the reason cited.

**DONE this 3rd day of September, 2010.**

/s MICHAEL A YOUNGPETER
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
9/3/2010 11:08 AM
CV-2010-901994.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

GEORGE KIMBERLEY,                         )
                              Plaintiff,  )
                                          )
        V.                                )     **Case No.:**   CV-2010-901994.00
                                          )
BAC HOME SERVICING,                       )
                              Defendant.  )

## ORDER

Judge Michael A. Youngpeter having recused himself herein, the Court hereby ORDERS this matter REASSIGNED to the docket of Judge Roderick P. Stout.

DONE this 3rd day of September, 2010.

/s CHARLES A GRADDICK
_____

CIRCUIT JUDGE

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

BAC HOME SERVICING
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL 36104

CV10-901994 C+S

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7010 0290 0001 4531 0054

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

AL. MOBILE CO
SEP 13 AM 11:32

CIRCUIT COURT

• Sender: Please print your name, address, and ZIP+4 in this box •

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room 6036
205 Government Street
Mobile, Alabama 36644-2936

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | ORIGINAL | SUMMONS<br>- CIVIL -  *Alias* | Case Number:<br>02-CV-2010-901994.00 |
|---|---|---|---|

## IN THE CIVIL COURT OF MOBILE, ALABAMA
## KIMBERLEY GEORGE v. BAC HOME SERVICING

BAC HOME SERVICING, 7105 CORPORATE DRIVE PTX 209, PLANO, TX 75024

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY KENNETH J RIEMER

WHOSE ADDRESS IS P O BOX 1206, MOBILE, AL 36633

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   GEORGE KIMBERLEY
pursuant to the Alabama Rules of the Civil Procedure

| 9/16/2010 5:13:49 PM | /s JOJO SCHWARZAUER | |
|---|---|---|
| Date | Clerk/Register | By |

JoJo Schwarzauer, Circuit Clerk

| ☑ Certified mail is hereby requested | /s KENNETH J RIEMER | MOBILE COUNTY-CIVIL DIVISION |
|---|---|---|
| | Plaintiff's/Attorney's Signature | Mobile Government Plaza, Room C936<br>205 Government Street<br>Mobile, Alabama 36644-2936 |

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark<br>Here |
| Return Receipt Fee<br>(Endorsement Required) | | |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To *BAC Home Servicing*

Street, Apt. No.,
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006        See Reverse for Instructions

7010 0290 0002 7415 9272

Complaint to

_____ County, Alabama on _____

**0-901994.00**
v. BAC HOME SERVICING

D001 - BAC HOME SERVICING
**Defendant**

02-CV-2010-901994.00 D001

**SERVICE RETURN COPY**

ELECTRONICALLY FILED
9/16/2010 5:13 PM
CV-2010-901994.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| KIMBERLEY GEORGE, | * |
| Plaintiff, | * |
| | * |
| vs. | * Case No. 10- 901994 |
| | * |
| BAC HOME LENDING SERVICES, INC. | * JURY TRIAL DEMANDED |
| | * |
| Defendant. | * |

## VERIFIED COMPLAINT AND
## PETITION FOR INJUNCTIVE RELIEF

COMES NOW Kimberley George, by and through her undersigned attorneys, and as her complaint against the above-named Defendant states as follows:

### SUMMARY OF CLAIMS

These claims arise from the servicing of a real estate mortgage loan secured by the Plaintiff's property located in Mobile County. Defendant BAC Home Lending Services, Inc., has repeatedly attempted to collect sums under the mortgage which are not due and has repeatedly held Plaintiff in default when, in truth, Plaintiff has at all times complied fully with the terms of her mortgage. Defendant has initiated non-judicial foreclosure proceedings and has scheduled a foreclosure sale for September 3, 2010. There has been no default by Plaintiff and Defendant is without any legal right to conduct a foreclosure sale. This action is brought to seek injunctive relief to stop the foreclosure and to seek damages for Defendant's breach of the mortgage, wrongful foreclosure, negligence, wantonness and other unlawful acts.

### PARTIES

1.     Plaintiff is an adult resident of Mobile County and the owner of real property located at 7 Westwood Street, Mobile, AL (hereinafter "Property"). This is her homeplace.

2.     BAC Home Lending Services, Inc. ("BAC") is a New York corporation with its principal place of business in California which, at all times relevant hereto, did business in Mobile County, Alabama.

## FACTS

3.     On April 29, 2004, Plaintiff executed a real estate mortgage with America's Wholesale Lender in the amount of $108,790.43. This loan is subject to an initial 5.5% interest rate. The regular monthly payment was $754.60. At some point after the closing, the servicing of this mortgage was transferred to BAC Home Lending Services, Inc.

4.     On October 3, 2008, Congress passed the Emergency Economic Stabilization Act of 2008, 12 U.S.C. Section 1502 et seq. ("EESA").  The Act allocated $700 billion to the Treasury Department for the purpose of restoring liquidity and stability to the financial system. One of the Act's stated goals was "to preserve home ownership." 12 U.S.C. § 5201(2)(B). The Act also established the "Troubled Asset Relief Program," one of the purposes of which was to reduce foreclosures.  Pursuant to the EESA, President Obama, on February 18, 2009, announced the creation of the "Homeowner Affordability and Modification Program" ("HAMP") aimed at requiring and facilitating modifications of at-risk mortgages.  Under HAMP, modification eligibility requirements and guidelines have been issued which must be followed by mortgage servicing companies who participate in HAMP.  Although participation by mortgage servicers in the HAMP program is voluntary, the participants are required to follow the guidelines and requirements issued under HAMP.  BAC is a participant of the HAMP program.

5.     On or about April 17, 2009, BAC signed a "Servicer Participation Agreement" with Fannie Mae, as the financial agent of the United States, establishing its participation in the

HAMP program.  In exchange for BAC's participation in the HAMP program, BAC received payment by the Treasury in the amount of $798,900,000.00.

6.      Under the Servicer Participation Agreement, BAC is required to perform loan modifications for eligible borrowers and is required to follow the HAMP guidelines and procedures published by the Treasury.

7.      The Treasury has published directives which establish the HAMP guidelines and procedures which participating servicers, including BAC, must follow.  Under these guidelines, BAC is required to extend modifications to all qualifying borrowers.  The modification process required under HAMP involves two steps.  First, once the servicer determines that a borrower meets the HAMP qualifications, the servicer must extend a Trial Period Plan.  Under the Trial Period Plan, the borrower is required to make at least three consecutive payments in an amount determined by the servicer.   The payment amount is calculated pursuant to the HAMP guidelines.  If the borrower meets the requirements of the Trial Period Plan, the servicer must provide a permanent modification, which is the second step of the modification process.

8.      Under the HAMP guidelines, once the servicer determines that a borrower meets the HAMP requirements and is eligible for a Trial Period Plan, it must issue a Trial Period Plan Notice ("TPP Notice").  That notice includes a written commitment by the servicer to extend a permanent modification upon successful completion of the Trial Period Plan.

9.      In addition to signing the Servicer Participation Agreement, in which BAC agreed to follow the HAMP guidelines, BAC has also incorporated the HAMP guidelines and procedures as their own procedures which must be followed when processing modification applications.

10.     Beginning in January 2009, Ms. George began discussions with BAC regarding a

possible agreement to modify the terms of the loan.

11.    Plaintiff timely sent all of the financial information and other documentation requested by BAC in order to process this request for a loan modification.

12.    During her discussions with the BAC representatives, Ms. George was told she was approved for a Trial Period Plan during which she would be required to timely make three monthly payments of $648.52. It was explained that if Plaintiff successfully finished the trial plan, she would be given a permanent loan modification. She was told that these payments would be due beginning September 1, 2009. Plaintiff on or about August 20th, 2009, BAC mailed Plaintiff a package of documents relating to a HAMP modification. Included in the package was a TPP Notice which extended to the Plaintiff's a Trial Period Plan. The Plan required payments in the same amount of $648.52 which the BAC representatives had discussed with Ms. George over the phone. Under this written Plan, payments were to start September 1, 2009.

13.    In the TPP Notice sent to the Plaintiff, BAC agreed that if the Plaintiff timely made each of her trial period payments, then it "will provide me [Plaintiff] with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage." In reliance on those representations, Plaintiff began making the trial payments as required under the plan.

14.    Plaintiff signed and returned the modification documents on or about August 23, 2009. This was prior to the required return date. Plaintiff timely submitted all the required information and otherwise fully complied with the Trial Period Plan.

15.    Plaintiff complied in every way with the Trial Period Plan modification extended

by by BAC. Timely payments of the agreed upon $648.52 were made for the months of September, October and November as required under the trial plan. Furthermore, an additional payment in that amount was made and accepted by BAC for the month of December 2009. Plaintiff was instructed by a BAC representative after the December payment to cease making payments on the loan modification. Plaintiff was told that this was necessary for BAC to process the permanent modification and to calculate a new mortgage payment based on current balance.

16.     At no point has BAC provided a written permanent mortgage modification agreement as it is required to do under the Trial Period Plan agreement and the HAMP guidelines. On the other hand, BAC has continued to receive compensation and other benefits under its $798,900,000.00 Servicer Participation Agreement.

17.     In addition to the Trial Period Plan agreement, BAC also extended a written "Interim Forbearance Agreement" in which it agreed to suspend all collection activity, including any foreclosure sale of the property as long as the Plaintiff complied with the requirements of the trial plan.

18.     Although Plaintiff fully complied with the Trial Period Plan, BAC has continued to consider Plaintiff in default of her mortgage. BAC has made numerous collection calls and sent several collection letters claiming, falsely, that Plaintiff was delinquent on her mortgage. Plaintiff has repeatedly supplied BAC with payment records confirming that the required payments had been timely made. Moreover, BAC knows from its own documents that a Trial Period Plan was in place with which the Plaintiff has fully complied.

19.     By letter dated June 6, 2010, BAC again falsely notified Plaintiff she was in default of her mortgage. The letter required a payment of $16,065.80 to bring the loan current. Plaintiff was not in default of her mortgage because she had complied in every way with all of

the conditions for the trial plan modification.

20.    By letter dated June 28, 2010, BAC informed Plaintiff that it was unable to approve a HAMP modification for her mortgage. This notice was completely false because, in fact, BAC had already approved the Trial Period Plan and was obligated by the terms of its own agreement, as well as the HAMP guidelines, to extend a permanent modification.

21.    Despite having bound itself to a Trial Period Plan, with which Plaintiff has fully complied, BAC initiated foreclosure proceedings against Plaintiff's home on August 2, 2010. These proceedings were initiated by publication in the Mobile Press Register of notice of a foreclosure sale scheduled for September 3, 2010.   The notice was published for three consecutive weeks in the Mobile Press Register.  The notice contained false, derogatory and defamatory information regarding the Plaintiff, including the false statement that she is in default of the terms of her mortgage.

22.    Foreclosure has been instituted by BAC in the absence of any default by Plaintiff and in the absence of any legal basis for conducting a foreclosure.

## COUNT I
## (BREACH OF MORTGAGE AGREEMENT)

23.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

24.    The acts and omissions made by Defendant in connection with management of the Plaintiff's mortgage constitutes a breach of the mortgage and note.

25.    Plaintiff has suffered damage as a proximate result of the Defendant's breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for breach of the mortgage and award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further request such other relief

as the Court deems just and proper, the premises considered.

## COUNT II
### (BREACH OF TRIAL PERIOD PLAN AGREEMENT)

26.   The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

27.   The Trial Period Plan modification documents provided by BAC and signed by Plaintiff constitute a written enforceable agreement, binding on both parties.

28.   The Plaintiff has complied with the terms of the Trial Period Plan agreement.

29.   Defendant is in breach of the Trial Period Plan agreement and Plaintiff has suffered damage as a proximate result of Defendant's breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for breach of the Trial Period Plan agreement and award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III
### (BREACH OF FIDUCIARY DUTY)

30.   The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

31.   Defendant at all relevant times owed Plaintiff an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the management of their payments and the exercise of any power of sale clause contained in the mortgage.

32.   The acts and omissions made by Defendant in connection with management of the Plaintiff's mortgage constitute a breach of the duty owed by Defendant. Those acts and omissions include, but are not limited to, the following: the failure to comply with its own

procedures and the HAMP guidelines which inure to the Plaintiff's benefit; the failure to comply with its own written agreements and statements provided to Plaintiff; the continued treatment of Plaintiff as if they have defaulted on their mortgage when in fact they have not; and the institution of the foreclosure proceedings, publication of foreclosure notice and attempted foreclosure sale in the absence of any default. The trust imposed upon Defendant by Plaintiff and by operation of law and equity has been breached by the said acts and omissions of Defendant as alleged herein, and Plaintiff has been damaged as a result of said breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against the Defendant for breach of the duties owed to Plaintiff. Plaintiff also requests that this Court award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
### (NEGLIGENCE)

33.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

34.     The acts and omissions made by Defendant in connection with their management of the Plaintiff's account constitute negligence. Those acts and omissions include, but are not limited to, the following: the failure to comply with its own procedures and the HAMP guidelines which inure to the Plaintiff's benefit; the failure to comply with its own written agreements and statements provided to Plaintiff; the continued treatment of Plaintiff as if they have defaulted on their mortgage when in fact they have not; and the institution of the foreclosure proceedings, publication of foreclosure notice and attempted foreclosure sale in the absence of any default.

35.   Plaintiff has suffered damage as a proximate result of the Defendant's negligence.

36.   Defendant has negligently hired, trained and/or supervised its employees.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT V
### (WANTONNESS)

37.   The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

38.   The acts and omissions made by Defendant in connection with their management of the Plaintiff's account constitute wantonness.   Those acts and omissions include, but are not limited to, the following: the failure to comply with its own procedures and the HAMP guidelines which inure to the Plaintiff's benefit; the failure to comply with its own written agreements and statements provided to Plaintiff; the continued treatment of Plaintiff as if they have defaulted on their mortgage when in fact they have not; and the institution of the foreclosure proceedings, publication of foreclosure notice and attempted foreclosure sale in the absence of any default.

39.   Plaintiff has suffered damage as a proximate result of the Defendant's wantonness.

40.   Defendant has wantonly hired, trained and/or supervised its employees.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such

other relief as the Court deems just and proper, the premises considered.

## COUNT VI
### (WRONGFUL FORECLOSURE)

41.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

42.    The institution of foreclosure proceedings by Defendant is wrongful.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant for wrongful foreclosure and award compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VII
### (SLANDER/DEFAMATION)

43.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

44.    In publishing the above-described foreclosure notice, Defendant published false and defamatory information concerning Plaintiff. Specifically, Defendant published statements indicating that Plaintiff was in default of their mortgage and that Defendant was rightfully entitled to foreclose.  Those statements were made with the knowledge that they were false or with reckless disregard of whether they were false.

45.    Plaintiff has suffered damage as a result of Defendant's defamatory statements.

46.    The acts and omissions which form the basis of this claim do not include any reporting of information to any consumer reporting agency.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for defamation and award compensatory damages, including damages for mental anguish and

emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VIII
### (FRAUD)

47.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

48.    Defendant made several misrepresentations of material fact to Plaintiff.  These statements include, but are not limited to, the statement that Plaintiff was approved for a Trial Period Plan and that, upon the Plaintiff satisfactory completion of that plan, a permanent modification would be extended.  These statements were made verbally to Mrs. George and also made in writing.  Defendant's misrepresentations also include statements made over the phone to Mrs. George that the modification plan was in effect, that BAC did not consider her to be in default and that there would be no adverse actions taken against her.

49.    The above misrepresentations were false when made and BAC knew them to be false.  The misrepresentations were made willfully to deceive, or recklessly without knowledge or were made innocently by mistake.  To the extent the misrepresentations concern action to be taken in the future, the statements were made without any present intent to take actions consistent with those statements.

50.    The misrepresentations were relied upon by the Plaintiff to her detriment.

51.    These misrepresentations were part of a pattern and practice of deception and misinformation directed to borrowers whom BAC considers in default.  These misrepresentations lull borrowers into a false belief that the foreclosure will be avoided through modification when in fact BAC will proceed to foreclosure regardless of the borrower's compliance with the modification-related terms.  This pattern of deception results, either intentionally or not, in the

borrower's belief that foreclosure proceedings will not begin or, if they have already begun, that BAC has no intention of following through with a sale. As a consequence, borrowers falsely conclude that no other action is necessary to avoid a foreclosure such as reinstatement or exercise of other rights available under law. By the time borrowers realize BAC's true intent regarding the foreclosure; it is too late to pursue reinstatement or other legal alternatives to the foreclosure.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BAC for fraud and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**PLAINTIFF DEMAND TRIAL BY JURY ON EACH AND EVERY CLAIM ASSERTED**

**HEREIN**

**JAMES D. PATTERSON** (PAT068)
**KENNETH J. RIEMER** (RIE003)
**Attorneys for Plaintiff**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**166 Government Street, Suite 100**
**Mobile AL 36602**
**Phone: 251.432.9212**
**Fax: 251.433.7172**
**jpatterson@alalaw.com**

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

BAC Home Servicing
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

## VERIFICATION OF FACTS STATED IN COMPLAINT

STATE OF ALABAMA

COUNTY OF MOBILE

Before me, the undersigned authority, personally appeared Kimberley George, who, after being by me first duly and legally sworn, did depose and say under oath as follows:

That she signed the foregoing and the facts alleged therein are true and correct.

_Kimberley George_
Kimberley George

Sworn to and subscribed before me

this _1st_ day of _____, 2010.

_____
Notary Public, State of Alabama at Large
My Commission Expires: _12/15/2013_



**AlaFile E-Notice**

02-CV-2010-901994.00

Judge: MICHAEL A YOUNGPETER

To:   RIEMER KENNETH JOSEPH
     kjr@alaconsumerlaw.com

# NOTICE OF SERVICE

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**KIMBERLEY GEORGE V. BAC HOME SERVICING**
**02-CV-2010-901994.00**

The following matter was served on 10/1/2010

**D001 BAC HOME SERVICING**
**CERTIFIED MAIL**
ALIAS C&S

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov