### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIMBERLEY GEORGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 1:10-cv-00546-M |
| | ) | |
| **BAC HOME LENDING** | ) | |
| **SERVICES, INC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

**COMES NOW** BAC Home Loan Servicing, L.P. ("BAC" or "Defendant") and pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss with prejudice the claims of Plaintiff Kimberley George ("George" or "Plaintiff"). The claims set forth in George's Complaint fail as a matter of law and the Complaint should therefore be dismissed with prejudice. In support of this motion, BAC states the following:

### I. Factual Allegations

1. On April 29, 2004, George executed a real estate mortgage with America's Wholesale Lender in the original principal amount of $108,790.60. This loan was subject to an initial 5.5% interest rate and the regular monthly

1

payment was $754.60. After closing, the servicing of this mortgage was transferred to BAC. (Complaint, ¶ 3).

3.     George alleges that BAC is a participant of the Homeowner Affordability and Modification Program ("HAMP"). (Complaint, ¶ 5). George claims that under the HAMP Servicer Participation Agreement, BAC is required to perform loan modifications for eligible borrowers and is required to follow the HAMP guidelines and procedures. (Complaint, ¶ 6). George maintains that under the HAMP guidelines, BAC must extend modifications to all qualifying borrowers. (Complaint, ¶ 7).

4.     George alleges that in January 2009, she began discussions with BAC regarding a possible agreement to modify the terms of the loan. (Complaint, ¶ 10). George insists that she sent BAC all the information it requested so BAC could process her request for a loan modification. (Complaint, ¶ 11).

5.     George claims that during discussions between the parties, a BAC representative told George she was approved for a Trial Period Plan and that she was required to make three monthly payments of $648.52. George claims that the representative explained that if George successfully completed the plan, BAC would give her a permanent loan modification. George asserts that the representative told her that trial period plan payments would be due beginning September 1, 2009. (Complaint, ¶ 12).

6.     George claims that on August 20, 2009, BAC mailed her a package of documents related to a HAMP modification.   According to George, the package included a TPP Notice that required payments of $648.52.   Under this written plan, payments were to commence on September 1, 2009. (Complaint, ¶ 12).   George alleges that she signed and returned the modification documents on August 23, 2009. (Complaint, ¶ 14).

7.      George claims that in the TPP Notice, BAC agreed that if George timely made each of her trial period payments, then it would provide George with a mortgage modification that would amend and supplement (1) the mortgage on the property, and (2) the note secured by the mortgage.   George maintains that in reliance on those representations, she began making the trial payments as required under the plan. (Complaint, ¶ 13).   George asserts that she fully complied with the Trial Period Plan. (Complaint, ¶ 18).

8.     George also insists that BAC extended to George a written "Interim Forbearance Agreement" in which it agreed to suspend all collection activity, including any foreclosure sale of the property, as long as George complied with the requirements of the Trial Period Plan. (Complaint, ¶ 17).

9.     After allegedly making the December payment of $648.52, George claims that a BAC representative told George to stop making payments on the loan modification.   George asserts that the representative told George that this was

3

necessary for BAC to process the permanent modification and to calculate a new mortgage payment based on the current loan balance. (Complaint, ¶ 15).

10.   BAC has not provided a written permanent mortgage modification agreement to George. (Complaint, ¶ 16).   George insists that BAC considers her in default of her mortgage and has made numerous collection calls and sent several collection letters stating that George was delinquent on her mortgage.   George states that she has repeatedly sent BAC payment records confirming that she made the required payments under the Trial Period Plan. (Complaint, ¶ 18).

11.   By letter dated June 6, 2010, BAC again notified George that she was in default of her mortgage.   The letter required a payment of $16,065.80 to make the loan current. (Complaint, ¶ 19).  By letter dated June 28, 2010, BAC informed George that it was unable to approve a HAMP modification for her mortgage. (Complaint, ¶ 20).

12.   On August 2, 2010, BAC initiated non-judicial foreclosure proceedings by publishing notice of a September 3, 2010 foreclosure sale in the Mobile Press Register. (*See* Complaint, ¶ 22).    To date, neither BAC nor any other entity has foreclosed on George's property.

## II.    **Procedural Background**

13.    On September 1, 2010, George filed a complaint in the Circuit Court of Mobile County, Alabama (the "Action").  On October 7, 2010, BAC removed the Action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. (*See* Notice of Removal, Doc. 1).

14.    George's Complaint alleges the following claims against BAC: (i) Breach of Mortgage Agreement, (ii)  Breach of Trial Period Plan Agreement, (iii) Breach of Fiduciary Duty, (iv) Negligence, (v) Wantonness, (vi) Wrongful Foreclosure, (vii) Slander/Defamation, and (viii) Fraud. (Complaint, pp. 6-11).

15.    Plaintiff George seeks injunctive relief to stop the foreclosure and an unspecified amount of compensatory and punitive damages. (Complaint, pp. 1 & 12).

## III.    **Standard Of Review**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  A complaint should also contain such clarity and precision that the defendant will be able to discern what the plaintiff is claiming.  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996).  This is so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. Conclusory allegations and legal conclusions do not suffice. *Iqbal*, 129 S. Ct. at 1949-50. Instead, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

## IV.   <u>Argument</u>

### A.   <u>BAC Home Lending Services, Inc. is not the proper party defendant.</u>

George's complaint names BAC Home Lending Services, Inc. as the defendant in this action. The correct party name is BAC Home Loan Servicing, L.P. Therefore, George should at least be required to amend her complaint to the extent that she has incorrectly named Defendant. However, for the reasons discussed below, even if Plaintiff were to correct her error, she still would fail to state any claims against Defendant and, therefore, this action should be dismissed with prejudice in its entirety.

**B.** **Plaintiff's claims should be dismissed with prejudice because there is no private right of action under the Home Affordability and Modification Program ("HAMP") or the Trouble Assets Relief Program ("TARP").**

The single premise underlying each and every one of George's causes of action is that BAC, by participating in the Home Affordability and Modification Program ("HAMP") and receiving funds under the Troubled Asset Relief Program ("TARP"), was required by law to modify George's loan even though George defaulted on her own obligations to make monthly mortgage payments. (*See* Complaint, ¶¶ 4-22). George alleges that BAC signed a "Servicer Participation Agreement" with Fannie Mae, thereby establishing its participation in the HAMP program and agreement to follow the HAMP guidelines. (*Id.* at ¶ 5). According to George, BAC's alleged duty to follow the HAMP guidelines was further consummated by BAC's receipt of billions of dollars from the U.S. Treasury pursuant to TARP. (*See id.*). George goes so far as to even allege that BAC "incorporated the HAMP guidelines and procedures as their own procedures which must be followed when processing modification applications." (*Id.* at ¶9). Accordingly, George alleges repeatedly throughout her Complaint that BAC "fail[ed] to comply with its own procedures and the HAMP guidelines which inure to the Plaintiff's benefits." (*Id.* at ¶¶ 32, 34, 38).

However, federal courts agree that neither TARP nor HAMP creates a private right of action upon which a borrower may sue his or her lender. For

instance, in *Robinson v. Wells Fargo Bank, N.A.*, 2010 WL 2534192 (D. Ariz. June 18, 2010), the United States District Court for the District of Arizona held that in enacting TARP, Congress did not "extend any obligations or liabilities to those receiving TARP funds" and, therefore, there is no private right of action against TARP fund recipients. *Id.* at *7. Accordingly, the court granted the defendant's motion to dismiss and dismissed the case in its entirety. *Id.* at *9. Courts are likewise in agreement that individual mortgagors may not sue based on any Servicer Participation Agreement or HAMP contract between their loan servicers and Fannie Mae. *See, e.g., Vazquez v. Bank of America Home Loans, et al.*, 2010 WL 3385350, at *1 (D. Nev. Aug. 23, 2010). In *Vazquez*, the court held that the plaintiffs did not "identify[y] anything in the SPA/HAMP contract which clearly express[ed] a promissory intent to benefit borrowers, or that [gave] borrowers any rights or otherwise express[ed] an intent to confer third party beneficiary status on them." *Id.* The court further stated that "[e]ven Fannie Mae which has rights under the contract, cannot force [Bank of America] to make any particular loan modification." *Id.* The *Vazquez* court granted Bank of America's motion to dismiss and entered judgment in its favor and against the plaintiffs. *Id.* at *2. *See also Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2ds 1177, 1185 (N.D. Cal. 2009) (TARP does not provide private right of action against nongovernmental entities); *Aleem v. Bank of America*, 2010 WL 532330, at *4

(C.D. Cal. Feb. 9, 2010) (no express or implied right to sue fund recipients under TARP or under guidelines developed by Secretary for HAMP); *Gonzalez v. First Franklin Loan Servs., Inc.*, 2010 WL 144862, at *18 (E.D. Cal. Jan. 11, 2010) (neither EESA nor TARP provide private rights of action against nongovernmental entities, including banks receiving TARP funds); *Santos v. Countrywide Home Loans*, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009) (HOPE for Homeowners Act does not provide plaintiff with private right of action to seek specific performance to modify her loan).

Accordingly, because each and every one of Plaintiff's claims are premised on BAC's alleged obligation to modify Plaintiff's loan and refrain from foreclosing on her property, for which there is no private right of action, the entire action should be dismissed with prejudice.

C. **Count I "Breach of Mortgage Agreement" should be dismissed with prejudice.**

Count I of George's Complaint alleges that "[t]he acts and omissions made by Defendant in connection with management of the Plaintiff's mortgage constitutes a breach of the mortgage and note." (Complaint, ¶ 24). To state a claim for breach of contract, George must establish: (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. *Ex Parte Jackson Cnty. Bd. of Educ.*, 4 So. 3d 1099, 1104 (Ala. 2008) (citing *Reynolds Metals Co. v. Hill*, 825 So. 2d

100, 105-06 (Ala. 1997)). The elements of a valid contract include:  an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract. *Id.*  Absent any specific factual allegations as to how BAC breached the terms of the loan documents or an identification of the contractual provision that BAC allegedly breached, it is difficult for BAC to respond to George's claim. Furthermore, assuming that George's breach of contract claim is based on BAC's failure to modify her loan, George has not and cannot identify any provision of the loan documents that required BAC to modify the loan because such a provision does not exist.  *See also Robinson*, 2010 WL 2534192, at *5-7 (dismissing breach of contract claim on the grounds that the plaintiff could not identify a contractual provision breached by Wells Fargo and that receipt of TARP funds alone does not support claim for breach of contract).    Accordingly, George's breach of contract claim should be dismissed with prejudice.

### D.   <u>Count II "Breach of Trial Period Plan Agreement" should be dismissed with prejudice.</u>

Count II of George's Complaint alleges that BAC breached the terms of the Trial Period Plan ("TPP"), which George contends constitutes a valid and enforceable contract between the parties.  (Complaint, ¶¶ 26-29).  George alleges that BAC breached the TPP by failing to provide her a permanent modification "as it [was] required to do under the [TPP] and the HAMP guidelines."  (*Id.* at ¶ 16). George cannot "attempt to use the claim for breach of contract to overcome the

absence of a direct private right of action…under HAMP." *See Vazquez*, 2010 WL 3385350, at * 1.   George has not identified any provision in the Servicer Participation Agreement ("SPA") between BAC and Fannie Mae, which George alleges imposed on BAC the duty to follow HAMP guidelines, that would give her the rights of a third-party beneficiary entitled to enforce BAC's duties under the SPA. *See id.*   If Fannie Mae, a party to the contract, cannot force BAC to modify George's loan, then George certainly cannot force BAC to do so. *See id.*   For these reasons, George's claim for breach of the TPP should be dismissed with prejudice.

### E.   Count III "Breach of Fiduciary Duty" should be dismissed with prejudice because a fiduciary relationship does not exist between BAC and George.

Count III "Breach of Fiduciary Duty" alleges that BAC "owed [George] an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including [BAC's] management of [George's] mortgage payments and its exercise of any power of sale clause contained in the mortgage." (Complaint, ¶ 31).   George asserts that BAC breached this duty by failing to comply with BAC and HAMP guidelines; failing to comply with written agreements and statements to George; treating George as if she has defaulted on her mortgage, when she has not; and instituting foreclosure proceedings, publication of foreclosure, and an attempted foreclosure sale in the absence of any default. (*Id.* at ¶ 32).

However, to establish her breach of fiduciary duty claim, George must first establish the existence of a fiduciary relationship between her and BAC.  *See Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185, 1191 (Ala. 2008).  In *Bank of Red Bay v. King*, 482 So.2d 274 (Ala.1985), the Alabama Supreme Court defined a fiduciary relationship as:

> [a relationship in which] one person occupies toward another such a position of adviser or counselor as reasonably to inspire confidence that he will act in good faith for the other's interests, or when one person has gained the confidence of another and purports to act or advise with the other's interest in mind; where trust and confidence are reposed by one person in another who, as a result, gains an influence or superiority over the other; and it appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side, there is an overmastering influence, or, on the other, weakness, dependence, or trust, justifiably reposed; in both an unfair advantage is possible. It arises in cases in which confidence is reposed and accepted, or influence acquired, and in all the variety of relations in which dominion may be exercised by one person over another.

*Id.*

Alabama courts have not specifically addressed whether a fiduciary duty exists between a mortgagor and the company that services the mortgage. However, the courts have held that a fiduciary relationship *does not* exist in a creditor-debtor relationship.  "Courts have traditionally viewed the relationship between a bank and its customer as a creditor-debtor relationship that does not impose a fiduciary duty on the bank. *Flying J Fish Farm*, 12 So. 3d at 1191 (citing *Power Equipment Co. v. First Alabama Bank*, 585 So. 2d 1291 (Ala.1991); *Faith,*

*Hope & Love, Inc. v. First Alabama Bank of Talladega County, N.A.*, 496 So. 2d 708 (Ala.1986)).  A fiduciary duty may arise only in situations where the customer reposes trust in the bank and relies on the bank for financial advice, or in other special circumstances. *Id.* (citing *Bank of Red Bay v. King*, 482 So. 2d 274 (Ala. 1985); *Baylor v. Jordan*, 445 So. 2d 254 (Ala. 1984)).  Advice alone, however, is not enough to impose a fiduciary duty. Even where the bank has taken an active role in attempting to improve a debtor company's financial position, the Alabama Supreme Court has not found a fiduciary relationship. *Id.* (citing *Nettles v. First Nat'l Bank of Birmingham*, 388 So. 2d 916, 920 (Ala.1980) (holding that no fiduciary relationship existed where bank "caused various documents to be prepared, made additional secured loans, and kept close tabs on the Company's operation. Notwithstanding this active role, the essential relationship between the parties remained that of debtor-creditor, and the parties dealt with each other at arm's length.")).

Here, George's relationship with BAC is similar to a debtor-creditor relationship—George sent her mortgage payments to BAC and BAC managed George's account.  Absent any special circumstances, a fiduciary relationship does not exist between George and BAC. *Flying J Fish Farm*, 12 So. 3d at 1191; *Faith, Hope & Love, Inc.*, 496 So. 2d at 708; *Bank of Red Bay v. King*, 482 So. 2d at 274; *Baylor v. Jordan*, 445 So. 2d at 254.  George vaguely references "[t]he trust

13

imposed upon Defendant by Plaintiff and by operation of law and equity."

(Complaint, ¶ 32).  However, such bald and conclusory allegations are insufficient

to support George's claim that a fiduciary relationship existed between BAC and

him, particularly in light of Alabama law to the contrary.  For this reason, George

has not and cannot state a claim for breach of fiduciary duty, and her claim is due

to be dismissed with prejudice.

**F.   Count IV "Negligence" should be dismissed because BAC does not owe George a legal duty.**

To establish negligence, George must prove: (1) a duty to a foreseeable

plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or

injury. *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994).  Here, George again

alleges vaguely that BAC "fail[ed] to comply with its own procedures and the

HAMP guidelines which insure to the Plaintiff's benefit; [fail[ed] to comply with

its own written agreements and statements provided to Plaintiff; the continued

treatment of Plaintiff as if they have defaulted on their mortgage when in fact they

have not; and the institution of the foreclosure proceedings, publication of

foreclosure notice and attempted foreclosure in the absence of any default."

(Complaint, ¶ 34).  George's negligence claim is obviously based on BAC's

alleged failure to modify George's loan and institution of foreclosure proceedings

against her.  Faced with similar allegations, the United States District Court for the

Northern District of California held that "lenders and loan servicers generally do

not owe a legal duty to their borrowers", and the HAMP program likewise "does not place a duty upon [the defendant] to provide a loan modification." *Domnie v. Saxon Mortgage et al.*, 2010 WL 2991250, at *2 (N.D. Cal. July 14, 2010). Accordingly, George cannot state a claim for negligence, and her claim should be dismissed with prejudice.

### G.   Count V "Wantonness" should be dismissed with prejudice.

Count V of George's Complaint alleges that BAC's "acts and omissions" "in connection with [its] management of the Plaintiff's account constitutes wantonness." (Complaint, ¶ 38). To establish wantonness, a plaintiff must prove that the defendant, 1) with reckless indifference to the consequences, 2) consciously and intentionally did some wrongful act or omitted some known duty. *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains. *Id.*

First, nowhere in George's Complaint does she allege that BAC has acted "with reckless indifference to [any] consequences." *See Martin*, 643 So. 2d at 567. Even if George did make such an allegation, BAC is unsure what the "consequences" would be since BAC never actually foreclosed on George's home. (Complaint, ¶¶ 20-22). Furthermore, George has not identified any actionable conduct or omissions upon which her wantonness claim is based. As discussed *supra*, "lenders and loan servicers generally do not owe a legal duty to their

borrowers", and the HAMP program likewise "d[id] not place a duty upon [the defendant] to provide a loan modification." *Domnie v. Saxon Mortgage et al.*, 2010 WL 2991250, at *2 (N.D. Cal. July 14, 2010). Accordingly, to the extent that Count V is based on BAC's failure to permanently modify George's loan, the claim should be dismissed with prejudice.

### H. Count VI "Wrongful Foreclosure" should be dismissed with prejudice.

Count VI "Wrongful Foreclosure" alleges that "[t]he institution of foreclosure proceedings by Defendant is wrongful." (Complaint, ¶ 42). In Alabama, "[a] mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor." *Reeves Cedarhurst Development Corp. v. First American Federal Sav. and Loan Ass'n*, 607 So. 2d 180, 182 (Ala.1992), (citing *Johnson v. Shirley*, 539 So. 2d 165, 168 (Ala.1988); *Paint Rock Properties v. Shewmake*, 393 So. 2d 982, 984 (Ala.1981). Having an ill motive, serving the purposes of other individuals, and self-dealing are examples of illegitimate uses of the power of sale. *See Paint Rock Properties*, 393 So. 2d at 984. Accordingly, in order to state a claim for wrongful foreclosure, a plaintiff must allege that (1) the foreclosure sale actually occurred and (2) the sale was used for a purpose other than to secure the debt owed by the mortgagor. *See id.*

16

Here, George alleges that BAC initiated non-judicial foreclosure proceedings and scheduled a foreclosure sale for September 3, 2010; however, there is no dispute that the foreclosure proceedings did not proceed to a sale of George's property.  (Complaint, ¶ 21).  Furthermore, George has failed to allege that BAC instituted foreclosure proceedings for a purpose other than to secure the unpaid principal balance of the loan.  (*See generally, id.*).  George's wrongful foreclosure claim also fails to the extent that the alleged claim is based on BAC's attempt to foreclose without offering George a permanent loan modification.  *See Wallace v. Bank of America*, 2010 WL 2574058, at *3 (D.N.H. June 17, 2010) (rejecting mortgagor's complaint that Bank of America was liable to her under the Economic Stabilization Act of 2008 for attempting to foreclose without offering her a workout package); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009) (granting defendant's motion to dismiss the plaintiff's wrongful foreclosure claim on the grounds that defendant was not required to modify the plaintiff's loan).  For these reasons, George has not stated and cannot state a claim for wrongful foreclosure, and her claim should be dismissed with prejudice.

**I.**     <u>**Count VII "Slander/Defamation" should be dismissed with prejudice.**</u>

Count VII alleges that by publishing the notice of foreclosure on George's property, BAC "published false and defamatory information concerning Plaintiff," specifically "that Plaintiff was in default of [her] mortgage and that Defendant was rightfully entitled to foreclose." (Complaint, ¶ 44). To maintain a claim for slander/defamation, a plaintiff must show: "(1) that the defendant was at least negligent (2) in publishing (3) a false and defamatory statement to another (4) concerning the plaintiff, (5) which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." *Ex parte Crawford Broadcasting Co*. 904 So. 2d 221, 225 (Ala. 2004). Spoken words that impute to the person of whom they are spoken the commission of an indictable criminal offense involving infamy or moral turpitude constitute slander actionable per se. *Ceravolo v. Brown,* 364 So.2d 1155 (Ala.1978). For example, an oral publication imputing a crime of larceny falls within this definition. *Phillips v. Bradshaw,* 52 So. 662 (Ala. 1910). When a defamatory publication is actionable per se, the law infers injury to reputation as a natural consequence of the defamation and, as a result, the plaintiff is entitled to presumed damages. *Warren v. Birmingham Board of Educ.*, 739 So. 2d 1125, 1133 (Ala. Civ. App. 1999). Thus, imputations of indictable criminal offenses are slanderous per se and relieve the plaintiff of the requirement of proving actual

harm to reputation or any other damage in order to recover nominal or compensatory damages. *Id.* (citing W. Prosser and W. Keeton, *The Law of Torts,* § 112, at 788 (5th ed.1984)).

Here, George has failed to state a claim for defamation for several reasons. First, BAC's statement that foreclosure proceedings had been instituted against George was not false. George alleges only that she fulfilled the requirements of the Trial Period Plan agreement and that BAC failed to permanently modify her loan. Nowhere in George's complaint does she allege that she has never defaulted in making her loan payments, nor does George allege that her loan was brought current by virtue of her alleged successful completion of the trial plan. Therefore, George has failed to plead that BAC published a false or defamatory statement.

Second, George baldly alleges that she "suffered damages," but she does not plead any facts that would raise her allegation beyond the level of mere speculation as required under *Twombly. See Twombly*, 550 U.S. at 555. Moreover, the alleged defamatory statements upon which George bases her claim do not constitute slander per se and, therefore, George is required to plead actual harm or damage to her reputation. George, however, does not describe the manner in which she has been damaged, nor does she allege that her reputation has been damaged in any way. (Complaint, ¶ 21).

Third, George's claim is barred because BAC's alleged conduct was privileged, absent any allegations that BAC was guilty of actual malice.  BAC merely acted in accord with Alabama Statute Section 35-10-8 which provides that in the event of a non-judicial foreclosure proceeding, notice of the foreclosure sale "shall be given by publication once a week for three consecutive weeks in some newspaper published in the county in which such land or any portion thereof is situated."   ALA. STAT. § 35-10-8.  Thus, George cannot state a claim against BAC for simply fulfilling its statutory obligation.

 Accordingly, George's claim for defamation should be dismissed with prejudice.

### J.    <u>Count VIII "Fraud" should be dismissed with prejudice.</u>

George contends that BAC's alleged conduct constitutes fraud.  The elements of fraud in Alabama are:  (1) that the defendant made a false representation to the plaintiff; (2) that the representation concerned a material fact; (3) that the plaintiff relied on the representation; and (4) that the plaintiff incurred damage as a proximate result of the reliance. Ala. Code § 6-5-101; *Reeves Cedarhurst Development Corp. v. First American Federal Sav. and Loan Ass'n*, 607 So. 2d 180, 182 (Ala.1992).  Furthermore, pursuant to Alabama Rule of Civil Procedure 9(b), which is identical to Federal Rule of Civil Procedure 9(b), "[i] all averments of fraud or mistake, the circumstances constituting fraud or mistake

shall be stated with particularity." *Kabel v. Brady*, 519 So. 2d 912, 916 (Ala. 1987). "The pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained...." *Id.* Here, George alleges vaguely that BAC "made several misrepresentations" that she "was approved for a Trial Period Plan and that, upon [her] satisfactory completion of that plan, a permanent modification would be extended." (Complaint, ¶ 48). George alleges that the statements were made "in writing" and "over the phone," but she does not plead any other facts describing the alleged misrepresentations with particularity as required by Rule 9(b). Furthermore, George's fraud claim is merely another attempt by George to create a private right of action under HAMP when such a right does not exist.

## V.   Conclusion

In sum, George's allegations fall well short of the requirements set forth by the Supreme Court in *Twombly* and *Iqbal*, they fail as a matter of law, and the Complaint should therefore be dismissed.

**WHEREFORE**, for the reasons set forth above, BAC respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice.[1]   A proposed order is attached as Exhibit "A."

---

[1] BAC preserves all other defenses, including improper venue, insufficient process, insufficient service of process, and failure to join a party under Rule 19.

/s/ D. Brian O'Dell
D. Brian O'Dell (ODELB2628)
Ann T. Taylor (TAYLA6870)
Summer Davis (DAVIS9451)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorneys for BAC Home Loan Servicing, L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2010, I electronically filed the foregoing with the Clerk of the Court by using the E-Filing system which will send a notice of electronic filing to the following:

James D. Patterson, Esq.
Kenneth J. Riemer, Esq.
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, AL 36602

By: s/D. Brian O'Dell
      Attorney Name